NATHANIEL C. FLOYD v. ANDERSON D. RICE.

When the record shows no action to have been taken by the court below on exceptions to pleadings, it is to be presumed in this court that the exceptions were abandoned without being brought to the notice of the court below.

It is a sufficient objection to a deposition that the officer by whom it was taken and returned was a surety on the bond for costs of the party offering the deposition in evidence. (Paschal's Dig., Art. 3726.) ·

If the verdict be contrary to evidence illegally admitted, the objecting party cannot complain.

On a question of the true locality of a common boundary, the fact that a particular line has been acquiesced in or recognized by the adjoining proprietors as their common boundary line is evidence entitled to great weight, and affords a strong presumption that the line so acquiesced in or recognized is the true line. (Paschal's Dig., Art. 894, Note 1144.)

The presumption in favor of the line acquiesced in or recognized by adjoining proprietors as their common boundary line is strengthened by the lapse of time; but no statute of limitations or rule of law is known by which any definite time is fixed as the period at which such a presumption becomes conclusive. (Paschal's Dig., Arts. 4622, 4624, Notes 1031, 1033.)

Other considerations besides the mere lapse of time are involved in determining how conclusive, in any particular case, the presumption in favor of a recognized boundary line is to be regarded. Each case must furnish its own rule, to be deduced by the court and jury from its own facts, circumstances, and surroundings.

An instruction which has been substantially given need not be repeated. (Paschal's Dig., Art. 1464, Note 562.)

It is the peculiar province of the jury to decide upon the credibility and weight of conflicting testimony.

APPEAL from Dallas. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

The appellee, Anderson D. Rice, commenced this suit

against Nathaniel C. Floyd, the appellant, on the 23d of June, 1859. The object of the plaintiff was to have the boundary line between himself and the defendant established by decree of the court, though the petition also complained that the defendant had dispossessed the plaintiff of ten acres of land, and prayed restitution thereof.

The facts of the case and the errors assigned are indicated in the opinion.

*John J. Good*, for appellant.

No brief on file for the appellee.

Coke, J.—Of the various errors assigned, it is deemed necessary to consider only the following:

1. That the court erred in overruling defendant's exceptions to plaintiff's petition and amendments.

2. That the court erred in refusing the 5th, 6th, and 7th instructions asked by the defendant in the court below.

3. That the court erred in admitting the testimony of Delilah Beard.

4. That the court erred in refusing a new trial on the ground that the verdict is contrary to law and evidence.

The 1st assignment is answered by the record, which shows no action of the court below on defendant's exceptions. Under the rulings of this court, they are presumed to have been abandoned, and not brought to the notice of the court. (Carter v. Carter, 5 Tex., 93.)

The 3d assignment will, for convenience, be next considered. This brings in question the propriety of admitting the testimony of Delilah Beard. We are of the opinion that the admission of it was erroneous, because of the interest of the officer, Patterson, who took and returned her deposition, he being a surety on appellee's (Rice's) bond for cost in this case. But we do not believe its admission such an error as requires a reversal of the judgment.

The testimony of this witness tends exclusively to establish an agreed boundary between Allen Beard, her husband, and William James, when they respectively owned the tracts of land in question. She testified to this point alone. The jury by their verdict found and established another and entirely different boundary from that which her testimony would have established. Her testimony would have established the old *bois d'arc* hedge as the boundary line agreed on between Beard and James. The jury found the old colony line, ten links east of the new hedge, to be the true boundary. So far from being influenced by her testimony, the finding of the jury is contrary to it. Therefore the appellant could not have been injured by its admission, and has no cause to complain of it. (Davis v. Loftin, 6 Tex., 496; Patton v. Gregory, 21 Tex., 519.)

The 2d assignment alleges error in the refusal of the court to give the 5th, 6th, and 7th charges asked by the appellant on the trial below.

The effect of the 5th and 6th charges, if given, would have been to instruct the jury, that the recognition of and acquiescence in a certain line as the true boundary line by the parties for the periods of time named therein (three to five years) would have the effect to establish the line thus recognized, although variant from the true line.

This is not a suit for land; the question in the case is one of boundary. There is no conflict of title. Each of the parties acknowledges the title of the other to the land designated in his deed. The contest is waged for the purpose of ascertaining and establishing the common boundary recognized by both titles. On this question of the locality of the boundary, the acquiescence of the parties in or their recognition of a particular line is evidence which should have great weight in determining their boundary, affording, as it does, a strong presumption that the line so recognized is the correct line, which presumption is

strengthened by the lapse of time. (Bolton v. Lann, 16 Tex., 96; George v. Thomas, Id., 74.)

We are aware, however, of no rule of law which fixes either three or five years as the period when this presumption ought to become conclusive.

Other things than the mere lapse of time enter into the consideration of this question. Each case must furnish its own rule, to be deduced from its own facts, circumstances, and surroundings, by the court and jury. In this case, the court charged the jury substantially, that acquiescence in and recognition of a particular line by the parties raised a presumption that the line so recognized is the true line, which presumption, after the lapse of considerable time, becomes conclusive.

The appellant, at all events, has no right to complain of this charge. If there be error in it, it is in his favor. It gives him the full benefit of all the proof made in the case on this point.

The 7th instruction was substantially given in other portions of the charge. There was no error in refusing these instructions.

The 4th assignment is not well taken. Under the charge of the court, which is believed to be substantially correct, it was competent for the jury to find the original boundary line between the two tracts, and designate its locality, or either one of the other two lines set up respectively by the parties, and alleged to have been agreed on or acquiesced in accordingly, as in their "judgment the testimony would warrant."

There was a mass of testimony before them, much of it in irreconcilable conflict, and their verdict is not without testimony to sustain it. A former trial of this case was had with the same result, and a new trial was granted. No good can result from a reopening of this litigation; the costs of court already greatly exceed the probable value of the land in controversy. Public policy, no less than pri-

vate interests, requires an end put to litigation of this character at the earliest moment consistent with the ends of justice. We believe that the justice of the case has been attained. It is the peculiar province of the jury to decide upon the credibility and weight of conflicting testimony; and, upon principles well established in this court, their verdict in this case should not be disturbed. (7 Tex., 4; 8 Tex., 228; 19 Tex., 101; 23 Tex., 641.)

The other assignments present no points worthy of consideration.

There is no error in the judgment, and it is

AFFIRMED.