LEON & H. BLUM ET AL. v. W. H. JONES ET AL.

No. 107.

## 1. Testimony Relevant—Fraudulent Combination.

In suit by purchasers from an insolvent debtor against a sheriff for seizing the property so conveyed, it was in issue that there had been a fraudulent combination between the plaintiffs and the debtor. *Held*, competent to show the confidential business relations between them.. 494

## 2. Circumstances in Taking Depositions.

A party to the suit testified by depositions. *Held*, competent on cross-interrogatories to show the manner in which the answers had been prepared and taken down, and as to the persons present at the time of taking the depositions............................................. 495

## 3. Officer Taking Depositions Employe of Party Testifying.

It seems that a deposition taken by an employe of the witness testifying in his own behalf, on motion, should be suppressed. But if such deposition is not suppressed, the party offering it is entitled to have it read without the discredit which may attach to it in the minds of the jury by proof of the fact that the officer, by reason of his relations to the parties, was not legally authorized to take it..................... 495

## 4. Incompetent Evidence as to Value.

A sale by an insolvent debtor to a creditor being attacked on the ground that the value of the goods was greater than the price allowed and paid: *Held*, that the valuation made by the debtor in obtaining insurance on the stock prior to the sale was not competent against the purchasing creditor, it not appearing that the insurance had any connection with the alleged fraudulent combination which resulted in the sale of the goods..................................................... 496

## 5. Reading Law Books to Jury.

As a general rule it is a matter of discretion with the trial judge to permit or to refuse to permit counsel to read from books of law during the argument. But where the matter read is calculated to have the effect of evidence, the rule does not apply, and the reading should not be permitted ...................................................... 497

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Val Verde County.

*Denman & Franklin,* for plaintiffs in error, cited: Lang v. Daugherty, 74 Texas, 226; Freiberg v. Freiberg, 74 Texas, 122; Lewy v. Fischl, 65 Texas, 311; Ellis v. Valentine, 65 Texas, 532; Harness Co. v. Schoelkopf, 71 Texas, 418; Oppenheimer v. Halff, 68 Texas, 409; Smith v. Whitfield, 67 Texas, 124; Elser v. Graber, 69 Texas, 222; La Belle v. Tidball, 69 Texas, 161; Sweeney v. Conley, 71 Texas, 543; Tillman v. Hiller, 14 S. W. Rep., 700; Johnson v. Robinson, 68 Texas, 399; Greenleve, Block & Co. v. Blum, 59 Texas, 124; The State v. Hope, 14 S. W. Rep., 985.

*H. C. Carter*, for defendants in error.—1. Objections to evidence based on irrelevancy are not favored in cases of this character, especially when the witness is one of the parties committing the fraud, and is delivering his evidence at "long range." 1 Thomp. on Trials, secs. 416, 447, 474; Wait. on Fraud. Con., 2 ed., sec. 281; Wright v. Linn. 16 Texas, 35; Day v. Stone, 59 Texas, 614; Evansich v. Railway, 61 Texas, 24.

2. It is the common practice and the law to allow a party on cross-examination of witness giving evidence by deposition, to ascertain the surroundings at the time evidence was given, the means of obtaining a certain and correct knowledge of the facts about which he testifies, and the manner in which he uses those means. If the manner in which Mr. Blum's evidence was given was proper, and could bear the light, as appellants contend, I can not conceive how a turning on of the light could possibly prejudice their case. 1 Sayles' Civ. Stats., art. 2229; Evansich v. Railway, 61 Texas, 24; 1 Thomp. on Trials, sec. 474; McEntire v. Henderson, 1 Pa., 402; Casmalt v. Post, 8 Watts, 406; Weeks on Depositions, secs. 311–313, 283–286; 5 Am. and Eng. Encycl. of Law, 587, and note 1.

3. One of the issues was the value of the goods Friedlander attempted to convey to appellant, and surely it was competent for appellees to attempt to establish that value by the fraudulent grantor. Greenleve v. Blum, 59 Texas, 124; Smith v. Whitfield, 67 Texas, 124; La Belle v. Tidball, 69 Texas, 161.

4. This court has repeatedly held that the reading of law to jury by counsel, as part of argument, is within the discretion of the trial judge. Wade v. De Witt, 20 Texas, 398; Railway v. Wills, 2 Willson's C. C., sec. 796; Britton v. Thrash, 1 W. & W. C. C., sec. 1239; Gilberson v. Miller, 5 Pac. Rep., 699.

5. The evidence is teeming with circumstances that show fraud as a matter of fact, and legal fraud is amply established by direct testimony. Wells v. Barnett, 7 Texas, 584; Brown v. Griffin, 71 Texas, 654; Brasher v. Jamison, 75 Texas, 139; Greenleve v. Blum, 59 Texas, 124; Wait on Fraud. Con., 2 ed., secs. 241, 242; Bergman v. Railway, 15 S. W. Rep., 992, 995; 8 Am. and Eng. Encycl. of Law, 783, and note 3; McKibbin v. Martin, 64 Pa. St., 352; Hurlburd v. Bogardus, 10 Cal., 518; Burch v. Smith, 15 Texas, 219; Hancock v. Horan, 15 Texas, 508.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by the plaintiffs in error against the defendant in error, Jones, as sheriff, and other defendants as sureties on his official bond, to recover the value of certain goods seized by the officer under certain writs of attachment. The plaintiffs in the writs had given the sheriff a bond of indemnity, and therefore made themselves parties defendant. There was a verdict and

judgment for the defendants; and the judgment having been appealed from, was affirmed by the Court of Civil Appeals.

The plaintiffs alleged their property in the goods, and that they were taken under writs of attachment issued against the effects of one Friedlander.

The defendants in their answer justified the taking by virtue of the process, and alleged that the plaintiffs claimed the property under a transfer from Friedlander, the defendant therein, and that the transfer was fraudulent and void as to Friedlander's creditors. It was averred in the answer, in substance, that the transfer was effected in pursuance of a fraudulent combination between the plaintiffs and Friedlander, in which it was agreed that Friedlander should purchase upon a credit to the extent of his ability goods of merchants throughout the country, and should dispose of them to plaintiffs in satisfaction of an alleged indebtedness. In the second place, it was alleged, in effect, that Friedlander was not indebted to plaintiffs, and that the sale was pretended, and was without consideration; and in the third, that if the indebtedness from Friedlander to plaintiffs which was purported to be extinguished by the sale, and debts to others which the plaintiffs assumed to pay in the transaction, were real, that the value of the goods was greatly in excess of their amount, and that therefore the transfer was fraudulent.

In disposing of the questions presented in this court, we deem it proper to refrain as far as possible from commenting upon the weight of the testimony. There were circumstances adduced in evidence which tended to show that the sale of the goods was the result of a fraudulent combination between the plaintiffs and Friedlander, as alleged in the answer; and there was a conflict in the testimony upon the question, whether the value of the goods, at the time of the transfer, exceeded the credit given by the plaintiffs upon their own claim and of the indebtedness which they assumed to pay.

The court, in connection with other charges, instructed the jury, in effect, that if Friedlander was justly indebted to plaintiffs as claimed by them, and to the others whose claims they agreed to pay, and that if the goods received from Friedlander by the plaintiffs was not more than was reasonably sufficient to pay the amount of their own claim which was satisfied in the transaction, and of the assumed debts, and if the sale was bona fide, they should find for the plaintiffs; but that if Friedlander was not indebted to plaintiffs, or if the value of the goods was more than was reasonably sufficient to pay the amounts which they were transferred to pay, they should find for defendants.

We think the testimony which is complained of in the second assignment of error was correctly admitted. There was an issue of a fraudulent confederation between Friedlander and the plaintiffs, and it was proper to show confidential business relations between the parties.

We are also of opinion that it was not error to admit the answers of the witness Blum to the cross-interrogatories propounded to him on behalf of the defendants, as to the manner in which his answers had been prepared and taken down, and as to the persons present at the time of taking his deposition.

On the other hand, we think that the testimony to the effect that the notary who took the deposition of Sylvan Blum, who was one of the plaintiffs, was an employe of the plaintiffs, should have been excluded. A deposition taken by an officer not legally competent for any reason to perform that duty, ought to be suppressed upon a written motion seasonably filed. But if not suppressed, the party offering it is entitled to have it read, without the discredit which may attach to it in the minds of the jury by proof of the fact that the officer, by reason of his relation to the parties, was not legally authorized to take it. Such proof is calculated to prejudice the testimony with the jury; though, as we think, it is not legally competent to affect the credibility of the witness. The validity of the deposition is a question for the court alone, and if held valid, it should be given to the jury, unimpeached upon the ground that it was not lawfully taken.

The bill of exceptions shows that a motion to suppress the deposition upon the ground that the notary was in the employment of the plaintiffs had been made in limine, and had been overruled by the court. The defendants did not assign error upon the court's ruling; nor, in fact, does it appear that any exception was taken to the court's action in that particular. The question, therefore, is not presented for our determination.

But in view of another trial, we deem it proper to say that in our opinion the motion to suppress should have been sustained. Our statutes do not prescribe any qualifications for commissioners to take depositions, further than to restrict the authority to certain designated officers. But the duties of the officers in taking down the answers of the witness involve in some degree the exercise of judgment and discretion, and it must be held on general principles that they should stand impartial as between the parties. Floyd v. Rice, 28 Texas, 341. Without attempting to define with precision the nature of the business relation between a party and an officer which should work a disqualification of the latter, we think that the fact that the officer is an employe in a mercantile establishment belonging to one of the parties ought to render him incompetent to take a deposition on behalf of his employer, and especially the deposition of the employer himself.

If the deposition in question had been suppressed, the plaintiffs would have been entitled to retake it; and hence it can not be said that the action of the court in admitting improper testimony to impeach it did not prejudice the plaintiffs.

We are of the opinion, that the court also erred in admitting the testimony of Freidlander in reference to his statement of the value of the goods made to the agent of an insurance company; and also in admitting the written statement of their value made in the application for insurance. He was put upon the stand by the defendants, and was their own witness; and it was therefore not competent for the purpose of impeaching him. Neither the oral nor the written declaration were in derogation of the witness' truth, and neither was admissible against his vendors on that ground. The statements were admissible, if at all, as the declarations of a coconspirator.

The law upon this subject is thus laid down by a text writer of reputed authority: "Another well known example of evidence admissible as part of the res gestæ is supplied in the instance of prosecutions which involve a charge of criminal conspiracy. It is an established rule, that when several persons are proved to have combined together for the same illegal purpose, any act done by one of the party in pursuance of the original concerted plan, and with reference to the common object, is in contemplation of the law the act of the whole party; it follows, therefore, that any writings or verbal expressions, being acts in themselves or accompanying or explaining other acts, and so being part of the res gestæ, and which are brought home to one conspirator, are evidence against the other conspirators, provided it sufficiently appear that they were used in furtherance of a common design." 1 Phil. on Ev., 5 Am. ed., 168.

Prof. Greenleaf, with his usual clearness, states the rule as follows: "The connection of the individuals in the unlawful enterprise being thus shown, every act and declaration of each member of the confederacy, in pursuance of the original concerted plan, and with reference to the common object, is in contemplation of law the act and declaration of them all, and is therefore original evidence against each of them." 1 Greenl. on Ev., sec. 111.

If the alleged conspiracy had involved a charge of fraudulent insurance—such, for example, as that the plaintiffs and Friedlander had agreed to insure the property and to cause its destruction by fire, and to transfer the proceeds of the policies to the plaintiffs—and if the conspiracy had been prima facie established, it may be that the evidence would have been proper. But the combination alleged in the petition was that Friedlander and the plaintiffs had agreed that the former should buy the goods upon a credit, not intending to pay for them, and should transfer them to the plaintiffs, ostensibly in satisfaction of an indebtedness in part at least fictitious. It is neither alleged nor does it appear in evidence that the insurance of the property was any part of this conspiracy.

To insure his stock is the act of a prudent merchant, and is the ordinary course of business. The insurance of the goods in the present case

is not therefore a circumstance which either throws light or casts suspicion upon the main transaction; and while not inconsistent with the defendants' theory of the case, it does not appear, either in itself or by any evidence aliunde, to have been an act done in furtherance of the alleged concerted design.

An act done or a declaration made by one conspirator not in pursuance of the common object is not evidence against his coconspirator. The State v. Sims, 4 Strob. (S. C.), 266. The evidence so improperly admitted tended to show that the goods were worth largely more than the amount at which their value was assessed in the sale to the planitiffs, and may have induced the jury to find a verdict for the defendant on that ground, although they may have deemed the evidence insufficient to establish any other fraud whatever.

As a general rule, it is settled by decisions in this State, that it is a matter of discretion with the trial judge to permit or to refuse to permit counsel to read from books of law to the jury during the argument. Wade v. De Witt, 20 Texas, 398; Smith v. The State, 21 Texas Cr. App., 307, and cases cited. But when the matter which counsel proposes to read is calculated to have the effect of evidence, the rule does not apply, and the reading should not be permitted. Railway v. Wesch, 85 Texas, 593. The extract which was read in this case was not such as to take it out of the general rule, and we are of opinion, therefore, that the court's action in permitting it to be read was not error.

The ruling of the Court of Civil Appeals upon the other assignments of error we think correct, and deem it unnecessary to add anything to what they have said in their opinion.

For the errors pointed out, the judgments of the District Court and of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*