T. L. CAMP ET AL. v. THE STATE.

No. 960½.   Decided April 13, 1898.

**1.  Scire Facias on Forfeited Recognizance—Answer of Sureties—Practice.**

On a trial, after judgment nisi and scire facias to the sureties, where the original answer of the sureties consisted of a general demurrer and general denial, no error is shown in the refusal of the court to permit a withdrawal of said original answer where defendants desired to file a first amended original answer, which they termed "a plea in abatement," it being made to appear that they were permitted to file said latter answer and that same was considered on the trial.

**2.  Same—Plea in Abatement—Fees of District Attorney.**

On a scire facias proceeding, the proposition that a criminal case should abate because the district attorney could not claim a fee in two cases growing out of the same transaction, affords no ground for a plea in abatement.

**3.  Recognizance—Offense—Sufficiency of Statement of.**

Where the recitals as to the offense in the recognizance were, "said M., accused of the offense of passing, as true, a forged instrument, in writing, knowing the same to be forged, with intent to injure and defraud," Held, sufficient statement of the offense charged.

**4.  Same—Time and Place of Appearance—Sufficient Designation.**

Where a recognizance required the defendant to appear before "the District Court of W. County, at the courthouse of said county, in G., now in session," etc.; Held, a sufficient designation of time and place.

APPEAL from the District Court of Williamson.   Tried below before Hon. R. E. BROOKS.

Appeal from a judgment final on a forfeited recognizance for $500.

No statement necessary.

*T. L. Camp, J. M. Edwards,* and *Oeland & Littleton,* for appellants.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is an appeal from a judgment final on a forfeited recognizance. The defendants, as sureties, entered into a recognizance with John D. Mills, as principal, for his appearance before the District Court of Williamson County, to answer the State of Texas on a charge of passing as true a forged instrument in writing, knowing the same to have been forged, etc. Appellants, after filing their original answer, asked permission of the court to withdraw the same and for leave to file their first amended original answer. The court refused to permit the original answer to be withdrawn, but permitted the filing of the first amended original answer, and considered the same upon the trial. This action of the court is urged as error. The original answer of appellants consisted of a general demurrer and a general denial. The amended answer was termed by appellants a "plea in abatement." We think this action of the court was not erroneous. At any rate, appellants have no causes of complaint; for, when we look at what is termed their "plea in abatement," it sets up no defense. The proposition asserted

therein, that the criminal case should abate because the district attorney could not claim a fee in the two cases growing out of the same transaction, presents no plea in abatement; and the trial court would have been justified in sustaining the State's exception to said plea.

Appellants also reserved an exception to the action of the court overruling their exceptions to the introduction of the recognizance as evidence—First, because the recognizance does not state that the principal, Mills, was charged with any offense; second, it does not require Mills to appear at any regular term of the court. We deem it unnecessary to state the other exceptions urged, as they are without merit. In regard to the offense stated in the recognizance, we find it thus: "Said John D. Mills, accused of the offense of passing as true a forged instrument in writing, knowing the same to be forged, with intent to injure and defraud." We think this sufficiently states the offense with which he was charged. In regard to the second objection, the recognizance requires the defendant to appear before the "District Court of Williamson County, Texas, at the courthouse of said county, in Georgetown, now in session," etc. This is a sufficient designation of the time and place. Fentress v. State, 16 Texas Crim. App., 79.

Appellant reserved an exception to the introduction in evidence of the judgment nisi, because the date of the forfeiture of the recognizance is given in the judgment nisi as January, 31, 1895, while in the citation it is stated as January 31, 18951. The record does not support this assertion, and the bill of exceptions simply states this as a ground of exception, without showing it to be a fact. The record before us shows these dates to be the same in the citation as in the judgment nisi. The other grounds of exception reserved to the introduction of the judgment nisi we do not consider as having any merit. The judgment is affirmed.

*Affirmed.*