### Seth Testard et al. v. Mrs. M. L. Butler.

Decided December 7, 1898.

1. **Depositions—Notary Disqualified.**

An attorney employed and paid by a party to a suit to find witnesses by whom certain essential facts can be proved is incompetent in his capacity of notary to take depositions of such witnesses for the party who employed him.

2. **Practice—Erroneous Admission of Evidence.**

Other evidence will not render the erroneous admission of depositions harmless, where it can not be determined that they did not influence the jury.

APPEAL from Mason. Tried below before Hon. W. M. Allison.

*C. L. Bass* and *Leigh Burleson*, for appellants.

*J. T. Stapleton* and *Walter Anderson*, for appellee.

NEILL, Associate Justice.—This suit was brought by the appellee against appellants to cancel a certain deed made by her to appellant, Christine Simmang, upon the ground that said deed was procured from her by false and fraudulent representations.

Upon the trial of the cause before a jury a judgment was rendered in her favor cancelling said deed, and from the judgment this appeal is prosecuted.

A motion was made by appellants to exclude the depositions of certain witnesses whose testimony was material to establish plaintiff's cause of action upon the ground that the notary public who took said depositions was her attorney in this case. The overruling of the motion by the trial court is assigned as error.

It appears from the bill of exceptions taken to the court's ruling, that the attorneys who instituted and represented the plaintiff in this suit, wrote a letter to an attorney in San Antonio, Texas, acquainting him with the nature of this case, and informing such attorney that they wanted to prove certain facts, telling him what the facts were, and requested the attorney to find parties by whom such facts could be proven, and to send them the names of such parties. The attorney, in obedience to the request of plaintiff's attorneys, found the witnesses by whom the desired facts could be proven, and furnished plaintiff's counsel with their names and from them received $25 for his services in so doing, which money was furnished by the appellee. Interrogatories were then propounded by plaintiff's counsel to prove the desired facts by the witnesses whose names were so furnished, and upon the interrogatories commissions

were issued to take their testimony and sent by plaintiff's counsel to the attorney (he being a notary public) who had found said witnesses, and the depositions of the witnesses were taken before said attorney and notary public to said interrogatories and returned by him to the District Court of Mason County.

As is said by the Supreme Court in Blum v. Jones, 86 Texas, 495, "Our statutes do not prescribe any qualifications for commissioners to take depositions, further than to restrict the authority to certain designated officers. But the duties of the officers in taking down the answers of the witness involve in some degree the exercise of judgment and discretion, and it must be held on general principles that they should stand impartial as between the parties." And in that case the court held that the fact that the officer is an employe in a mercantile establishment belonging to one of the parties ought to render him incompetent to take a deposition on behalf of his employe.

If such an employe is incompetent as a notary public to take depositions in such a case, certainly an attorney, who was employed and paid by a party to the suit to hunt up and find witnesses by whom certain essential facts could be proven, is incompetent in his capacity of notary public to take the depositions of such witnesses for the party so employing him.

It is contended by the appellee that the testimony, outside of that shown by the depositions sought to be suppressed, was sufficient to establish her case. This may be, but we can not say whether the evidence sought to be excluded did not influence the jury. It was material and constituted nearly all of the testimony upon certain facts essential to her recovery, and we can see no reason why it did not have full weight and influence with the jury who rendered the verdict in this case.

The assignment of error just discussed is the only one that is well taken, and on account of that error the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*