# THE MASSACHUSETTS MUTUAL ACCIDENT ASSOCIATION

*v.*

# DUDLEY.

PRACTICE; DEPOSITIONS; DISQUALIFICATION OF COMMISSIONER.

1. Where the testimony of a non-resident witness is taken on interrogatories and cross-interrogatories under a commission, the name of the officer who administered to the commissioner the oath required by the commission should appear in the return. Whether a certificate by the commissioner which merely states that he had taken such oath without stating before whom, is sufficient, *quære.*

2. Where the deposition of a United States consul, who is the plaintiff in the cause in which the deposition is to be used, is taken under a commission, the commission should not be returned under the official seal of his consulate; but the action of a trial court in overruling such a ground of objection to the deposition is not reversible error.

3. A deputy United States consul, by reason of his confidential relations with the consul, and upon the ground of public policy, is disqualified from acting as a commissioner to take the deposition of the consul under a commission issued under the act of Maryland of 1773, Sec. 7, in a case in which the consul is the plaintiff; and a deposition taken by him under such circumstances and where it appears that the defendant was ignorant that the commissioner was the deputy consul, at the time of the taking of the deposition, will be suppressed.

No. 926. Submitted November 24, 1899. Decided December 5, 1899.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia on a verdict in an action on a policy of accident insurance. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Ralph P. Barnard, Mr. Guy H. Johnson* and *Mr. George A. King* for the appellant:

D. C.]                    Argument of Counsel.

1. The deposition of a party in his own behalf must be fairly taken without undue advantage of the other party, and with no essential formality omitted. Some evidence should be returned with the commission to show the court that the commissioner took the oath of office before a person duly authorized to administer an oath. *Frevall* v. *Bache*, 5 Cr. C. C. 463; 1 Greenl. Ev., Sec. 320.

2. The seal attached to the said deposition is not such seal as is contemplated by the law, being the seal of the " U. S. Consulate, Vancouver, British Columbia;" in other words, the seal of the plaintiff himself, who is consul at that port. The statute authorizing the appointment of a commissioner (Act of Md., 1773, Ch. 7, Sec. 7), requires that he should be "qualified." This qualification can mean nothing but taking the oath to faithfully execute the commission; and to make this a valid oath it must be administered by a duly authorized officer. The proof of this qualification may be the certificate of the officer administering the oath. *McNeal* v. *Braun*, 53 N. J. Law, 629; *Ludlam* v. *Broderick*, 3 Green (N. J.), 273; *Den* v. *Thompson*, 1 Harr. 72.

3. The commissioner was not a proper person to take the deposition, being the deputy consul of the witness, intimate office companion and subordinate. The commissioner should be one who can execute the commission with absolute fairness and without temptation to swerve in favor of either party. *Tillinghast* v. *Walton*, 5 Ga. 335. A commissioner to take testimony should be a person who has no bias or prejudice in reference to the litigant or the case. *McLean* v. *Adams*, 45 Hun (N. Y.), 189. Depositions taken before one who has acted as agent of party in the same case are inadmissible. *Smith* v. *Smith*, 2 Me. 408. So, also, when the commissioner had previously appeared as counsel in the taking of other depositions in the same cause. *Whicher* v. *Whicher*, 11 N. H. 348. Law partner of counsel for party not competent to act as commissioner. *Dodd* v. *Northrop*, 37 Conn. 216; *Call* v. *Pike*, 66 Me. 350; *Bryant* v. *Ingraham*, 16

Ala. 116. A notary employed in the office of the plaintiff was held not competent to act as commissioner, the court stating that the duties of the officer in taking down the answers of the witness involve in some degree the exercise of judgment and discretion, and it must be held on general principles that the commissioner should stand impartial as between the parties. *Blum* v. *Jones,* 86 Texas, 495.

Without attempting to define with precision the nature of the business relation between a party and an officer which should work a disqualification of the latter, the fact that the officer is an employee of one of the parties ought to render him incompetent to take a deposition on behalf of his employer, and especially the deposition of the employer himself. *Floyd* v. *Rice,* 28 Texas, 341. The counsel, attorneys or agent of either party to the suit are disqualified to act as commissioner. 9 Am. & Eng. Encyc. of L. (2d Ed.) 305, and cases cited. See, also, Weeks Law of Depositions, Sec. 284; *Cook* v. *Wilson,* 4 Mad. Ch. 380.

*Mr. A. A. Birney, Mr. Henry F. Woodard* and *Mr. George H. Patrick* for the appellee:

1. It is within the discretion of the trial court to permit the plaintiff to testify by deposition upon his making it appear that he can not attend the court in person. *Cornett* v. *Williams,* 20 Wall. 226, 235; *Railroad Co.* v. *Pollard,* 22 Id. 341; 6 Encyc. Plead. & Pr. 482 and note; *Goodman* v. *Wineland,* 61 Md. 449.

2. The contention that there is no evidence that the commissioner had taken an oath is not correct. He certifies in his return, and in the exact form in which he was directed to do so, that he took the oath annexed to the commission. This is sufficient proof thereof. It was not necessary that he name the officer, or cause that officer to attach his certificate of the fact. Weeks on Depositions, Secs. 294, 301; 3 Cranch, C. Ct. 104; 17 Pick. 369; 2 Houst. (Del.) 126; 18 Vermont 385; *Savage* v. *Birckhead,* 20 Pick. 167.

3. The commissioner certified that he attached his seal, and a seal was attached.   No special character, or form, or design of seal was necessary.   He might adopt such seal as he wished.   He did adopt the seal bearing the stamp of the consulate.   This did not make it the less his seal.   6 Encyc. Pl. and Pr. 542 and notes.

4. The objection that the commissioner was vice and deputy United States consul at the same post with the plaintiff, who was consul, was one addressed only to the discretion of the trial judge, and the exercise of that discretion should not be the subject of review on appeal.   The only statutory disabling fact found in the acts of Congress, is that the commissioner to take testimony *de bene esse* shall not be "of counsel or attorney to either of the parties, nor interested in the event of the cause."   Rev. Stat. U. S., Sec. 863.   The form of certificate sent Mr. Schofield recognized only this statutory disqualification, and required from him a certificate in negation of it.   This he gave.   Mr. Schofield is not shown to be of kin to the plaintiff, or interested in the event of the suit, or biased in favor of the plaintiff. The court will presume that he acted fairly and was competent until the contrary appears.   *Gregg* v. *Mallett*, 111 N. C. 74;  6 Encyc. Pl. and Pr. 640.

It has been considered not sufficient cause that the officer had previously appeared as counsel on behalf of the attorney by whom the action was commenced, and subsequently was retained as counsel, but was not of counsel when he took the deposition (*Wood* v. *Cole*, 13 Pick. 279); that the officer was a friend of the defendant, and had done all in his power to aid him in his defense (13 Pick. 441); that the officer occupied the same office as an attorney for one of the parties, and had previously acted as attorney for one of the parties in other causes (61 Texas, 526 ; 22 Neb. 359); that the magistrate was son in law of one of the parties, but no fraud or partiality was alleged (*Chandler* v. *Brainard*, 14 Pick. 285); that the commissioner was brother to the next

friend of a party (17 Ala. 466); that he was surety on the bond for costs (28 Texas, 341).

The commissioner can not be considered as standing in the position of a servant or employee of the witness. His office is filled, not by the consul, but by the Secretary of State, under regulations prescribed by the President. R. S., Sec. 1695. As vice consul he gives an official bond (Sec. 1698); and as a consular officer he had the right to take depositions (Sec. 1750).

Mr. Justice MORRIS delivered the opinion of the Court:

This is a suit instituted on what is known as a policy of insurance or assurance against accidents. And the only question in the case which has been brought up for our consideration by the bill of exceptions is that of the admissibility of a certain deposition allowed to be read in evidence at the trial.

The policy of insurance was issued in Massachusetts, where both the appellant company, the Massachusetts Mutual Accident Association, and the appellee, L. Edwin Dudley, were resident. On March 1, 1897, four days after the issue of the policy, the appellee came to Washington to be present at the ceremonies of the Presidential inauguration of that year; and on the morning of March 5, 1897, received the injury for which, on account of the refusal of the association to pay the amount of the insurance, he instituted the present suit, which was begun, it seems, on March 4, 1898. In the meantime the appellee appears to have been appointed Consul for the United States at Vancouver, in British Columbia, Dominion of Canada, a position which, it is understood, he yet holds.

At the trial in the court below, which resulted in a verdict and judgment in his favor for the amount of his claim under the policy of insurance, he was not himself present, but his testimony was introduced by way of deposition taken at Vancouver by or before Federick J. Schofield, Vice Consul

and Deputy Consul of the United States at the same place, under a commission issued to him by the trial court, and interrogatories, cross-interrogatories and interrogatories in rebuttal filed in the cause and transmitted with the commission. When this commission was returned executed and the deposition was filed, motion was made on behalf of the defendant association to suppress it on various grounds stated; but the motion was denied. And when at the trial the deposition was offered to be read on behalf of the plaintiff and objection to it was again made, the objection was again overruled and the deposition was admitted to be read in evidence. It is from these rulings on the admission of the plaintiff's deposition that the defendant has appealed.

Three or four grounds of objection to the deposition were stated in the trial court; but not all of them are here insisted on.

One of the grounds argued before us is, that there is no evidence in the record to show that the commissioner who took the deposition had first taken the official oath required by the commission to be taken before some officer authorized to administer oaths. The only evidence in the record was the certificate of the commissioner himself to the effect that he had taken such oath, but without stating the person or the officer before whom he took the oath.

It is unnecessary in the present case to pass upon the sufficiency of this certificate; but certainly something more should appear than the vague statement of the commissioner in this case, which it was utterly impossible either to verify or dispute. It would have been better practice to give the name of the officer before whom the oath was taken and the time and place at which it was taken, so that the fact might be verified if there were necessity therefor.

Another ground of objection was that the seal under which the commission was returned was not the individual seal of the commissioner, but the official seal of the consulate—in other words, the official seal of the plaintiff. The

ACCIDENT ASSO. *v.* DUDLEY

Opinion of the Court. [15 App.

character of a seal is not now of the transcendent import-
ance which it once had, and almost anything can be adopted
for a seal for the time being which is shown to have been
intended for a seal. But the official seal of the United
States consulate in the present instance, eminently appro-
priate as it might be in other cases, was certainly not proper
in a case where the consul himself was a party to the suit
and the person whose testimony had been taken. And yet
we do not think that it was error in the trial court to have
overruled this ground of objection.

But a more serious question is presented by the fact,
unknown to the defendant and to its counsel at the time the
commission was taken out, and down to the day preceding
the day on which the motion was made to suppress the
deposition, and, therefore, the knowledge of which is not
chargeable to them, that the commissioner who took the
deposition was the United States deputy consul at Van-
couver, and, consequently, a person holding confidential
relations with the plaintiff, which are now claimed to have
disqualified him from acting as commissioner in a case in
which his principal, the consul, was a party. The objection
to the deposition on this ground we must regard as well
taken and well founded in law.

The commission was issued under the act of Maryland
of 1773, Ch. 7, Sec. 7, yet in force in this District, which
provides "that it shall and may be lawful for the justices
of the provincial court or any county court, upon applica-
tion made to them in court by any party or parties in or to
any action or civil suit depending or that shall be depend-
ing before them, and upon satisfaction being given to such
court, by affidavit or otherwise, that there are material and
competent witnesses in such cause residing or living out of
this province, to direct the clerk of such court to issue a
commission for taking the depositions or affidavits of such
witnesses, and that such commission shall issue, and the
commissioners shall be appointed and qualified, and such

interrogatories be proposed or exhibited, and such commission be executed and returned, and the depositions or affidavits taken in pursuance thereof shall be published in the same manner and form as in the case of a commission issuing out of a court of chancery for the examination of witnesses residing and living out of this province; and the depositions or affidavits which shall be duly made and taken in virtue of any commission which shall issue in pursuance of this act, or copies thereof duly attested, shall be admitted in evidence at the trial of the cause."

There are two acts of Congress providing for the taking of testimony *de bene esse* of witnesses who can not conveniently be had at a trial—the Judiciary Act of September 24, 1789, Ch. 20, Sec. 30, and the act of May 9, 1872, Ch. 146, which is merely an amendment of the former; but it is conceded that the deposition in question was not taken under either of these acts, which, consolidated, are carried into the Revised Statutes of the United States as section 863. It could not well be contended otherwise, since a vice consul or deputy consul is not among the officers authorized by those acts to take depositions for use in the courts. And section 1750 of the Revised Statutes can scarcely be construed as having any reference to depositions to be used in causes pending in the courts of law, although it authorizes consular officers "to administer to or take from any person an oath, affirmation, affidavit, or deposition, and to perform any notarial act." It is specially provided by the acts in question (Rev. Stats., Sec. 866) that they are to be cumulative merely, and should not be construed so as to prevent the courts from granting "a *dedimus potestatem* to take depositions according to common usage." And it has been the common usage for the courts of the District of Columbia to issue commissions to take testimony under the act of Maryland of 1773, which has been cited.

By this act of Maryland the commission to take testimony to be used in actions at common law must conform in

every respect to the requirements of the court of chancery
in the issue of similar commissions. It provides, among
other things, that "the commissioner shall be appointed
and qualified . . . as in the case of a commission issu-
ing out of the court of chancery." Now, the rules of the
Court of Chancery of Maryland were those of the English
Court of Chancery, except in so far as these latter were
modified by statute or by rules of court made for the pur-
pose of changing the practice. But there was not in Mary-
land at the time of the cession of this District any statutory
provisions or any rule of court modifying the rule and the
practice of the English chancery in respect of the qualifica-
tions of commissioners to take the depositions of witnesses
to be used in that court. And the rule and the practice in
the English chancery are those stated by Daniell in his
work on Chancery Pleading and Practice, page 1076, taken
from the statement of the Master of the Rolls in the case of
*Lord Mostyn* v. *Spencer,* 6 Beavan, 135: "The common
exceptions to commissioners are stated to be these—that he
is of kindred, allied to the party for whom he is named;
that he is master to the party, his landlord or partner; that
he hath a suit at law with the party adverse to him for
whom he is named, or is of counsel, or is attorney, or solici-
tor, or follower of the cause on one side; that the party is
indebted to him; or any other apparent cause of partiality
or siding with either party."

Here it is not said that the servant or employee or subor-
dinate is equally disqualified as the master or employer or
superior; but the reason for disqualification is even more
potent in this case than in the other; and certainly by the
disqualification resulting from "any other apparent cause
of partiality or siding with either party," it is sought to
guard to the greatest possible extent against the appoint-
ment of any one as commissioner against whom the taint of
partiality could be presumed to exist. A commissioner to
take depositions to be used as testimony, either at common

law or in equity, is a judicial, or, at least, *quasi* judicial, officer; and all persons engaged in the administration of the law, whether as judges, or judicial officers, or jurors, not only should be free from bias, but should be dissociated from the conditions from which the existence of partiality might justly be inferred. The question is not precisely one of partiality or impartiality. It is not whether one party or another has been injured by the falsification of testimony or by the erroneous or improper construction given by too partial friendship to the utterances of a person in confidential relations. It is a question of public policy, whether the administration of the law in a particular case is to be intrusted to those whom the ordinary feelings of nature would tempt to partiality in such case. Notwithstanding the temptation, there might be the utmost impartiality; the bias might even be in the opposite direction, if it existed at all; but the ordinary laws of humanity will not allow us to take such chances. The elder Brutus, sitting in judgment on his own son and condemning him to death, is a great heroic figure in the early annals of Roman history; but the principle is safer which would have prohibited him from sitting in such a case.

It is argued, however, that the only statutory disabilities provided in the matter of the appointment of commissioners to take depositions are those indicated in section 863 of the Revised Statutes of the United States, before referred to, wherein it is enacted with reference to some or all of the officers therein designated as proper to be appointed commissioners to take testimony *de bene esse*, that they shall not be "of counsel or attorney to either of the parties, nor interested in the event of the cause." But the answer to this is two-fold: First, that the section in question, which, as we have seen, embodies the Acts of Congress of 1789 and 1872 in reference to the taking of depositions, does not apply to the present case, and the deposition in question here was not taken by or before any of the officers mentioned in that

15 Ct. App.—32

section; and, secondly, even if that statute did apply, the disabilities are plainly cumulative of what may be termed the common law disabilities incidental to the appointment of commissioners. The statute, for example, does not mention near relationship as a disability; yet the appointment of the father, or the son, or the brother of a party to the cause as a commissioner to take the deposition of such a party would scarcely commend itself to us as proper in the administration of our jurisprudence.

It would seem to be unnecessary, and it would appear to serve no good purpose, for us to review the cases in this connection, in which persons have been held competent or incompetent to act as commissioners to take depositions. On the one side we find that the clerk of the solicitor of one of the parties (*Cook* v. *Wilson*, 4 Maddock's Chancery Reports, 380), the law partner of the counsel of one of the parties (*Dodd* v. *Northrop*, 37 Conn. 216), a person who had previously appeared as counsel in taking other depositions in the same case (*Whicher* v. *Whicher*, 11 N. H. 348), a former agent of one of the parties in the same cause (*Smith* v. *Smith*, 2 Maine, 408), a notary employed in the office of the plaintiff (*Blum* v. *Jones*, 86 Texas, 495), an employee of one of the parties (*Floyd* v. *Rice*, 28 Texas, 341), a brother in law of one of the parties (*Bryant* v. *Ingraham*, 16 Ala. 116), are disqualified to act as commissioners. On the other hand, we find it held that a magistrate who had previously appeared as counsel in an action, and subsequently was again retained as counsel, but was not of counsel at the time of the taking of the deposition, was not incompetent. *Wood* v. *Cole*, 13 Pick. 279. So, also, a justice of the peace, who was son in law of one of the parties, but against whom no fraud or partiality was alleged. *Chandler* v. *Brainard*, 14 Pick. 285. So, also, a surety on the bond for costs given by one of the parties. *Floyd* v. *Rice*, 28 Texas, 341. Several of these cases, no doubt, depend to a greater or less degree on the special statutes of the States wherein they occurred.

But plainly the trend of judicial decision in all cases is rigidly and zealously to guard the portals of the courts of justice, not only from the taint of partiality, but even from the suspicion of bias.

Our own statute, derived to us from Maryland, and pointing us to the rules and practice of chancery for our guides, would seem to be clear enough. In the chancery jurisdiction the relation of master and servant, or employer and employee, is clearly one which operates to the disqualification of either person to act as commissioner to take a deposition in any cause in which the other is a party. By the statute that disqualification is imported into the common law.

It is of no consequence that no bias or partiality is either shown or alleged in the present instance. It may well be that there was none. It may well be that the commission was fairly and faithfully executed. But the question, as we have said, is one of great public policy, which goes to the root of the administration of justice. An incompetent witness might possibly benefit, rather than injure the person against whom he is called, but that does not make the question of his competency any the less a proper question to be determined on the threshold, or any the less a ground of error, if it is determined adversely to the party objecting. It is impossible to determine in the present case what the influence was of the appointment of a person incompetent in law to take the deposition of the plaintiff. That the person appointed as commissioner held towards the plaintiff a relation which vitiated the appointment we have no doubt. He was the plaintiff's deputy, practically in his employment, dependent upon him for his nomination, although not for his formal appointment, dependent upon him, in great measure, for the duties to be performed, and the compensation to be received by him, dependent on him practically for the tenure of his office and the emoluments to be derived from it. If we had any doubt as to the

application of the rule in this case, we would regard the situation as such that the rule should be stretched, if possible, so as to meet it. But we have no doubt that both under the letter and the spirit of the statute there was disqualification of the commissioner in this case which in law vitiated his action.

We are of opinion that the deposition should have been suppressed, and that it should not have been admitted in evidence. Differing, therefore, in this regard from the trial court, we are constrained to *reverse the judgment, and to remand the cause for a new trial. And it is so ordered.*