### JIM MAPLES v. THE STATE.

#### No. 725.   Decided October 26, 1910.

**1.—Offering Bribe—Witness—Charge of Court—Alibi.**

Upon trial of offering to bribe a witness, where the defendant's evidence was to the effect that he was at home at the particular time of the alleged offense, there was no error in submitting the law of alibi, as the same was favorable to the defendant.

**2.—Same—Prosecuting Counsel—Affidavit—Attorney and Client.**

Where the defendant, in his motion for new trial, alleged misconduct of the jury, and the State contested the same and attached to such contest affidavits of the jurors, taken before the private prosecutor as notary public, such contest should have been stricken out on motion of the defendant, as interested counsel could not take said affidavits.

**3.—Same—Misconduct of Jury—Allusion to Defendant's Failure to Testify.**

Where, upon trial of bribery, the defendant failed to take the witness stand, and the jury in their retirement, before they found a verdict, alluded to and discussed this matter, the same was reversible error.

Appeal from the District Court of Fannin. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of offering to bribe a witness; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*McGrady & McMahon,* for appellant.—The proposition of alibi is not in any case where the corpus delicti can not be established without establishing the defendant's guilt: Jackson v. State, 55 Texas Crim. Rep., 79, 115 S. W. Rep., 262; Halsford v. State, 53 Texas Crim. Rep., 42, 108 S. W. Rep., 381; Kirby v. State, 49 Texas Crim. Rep., 517; Griffith v. State, 47 Texas Crim. Rep., 64.

On question of affidavit before interested attorney: 13 Cyc., 852; Williams v. State, 50 Texas Crim. Rep., 269, 96 S. W. Rep., 47, and cases cited in the opinion.

On question of alluding to defendant's failure to testify: Wal-

ling v. State, 59 Texas Crim. Rep., 561, 128 S. W. Rep., 624; art. 817, White's Code Crim. Proc., subd. 7; Smith v. State, 52 Texas Crim. Rep., 344; Arnwine v. State, 54 Texas Crim. Rep., 213; Oates v. State, 56 Texas Crim. Rep., 571.

John A. Mobley, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of offering to bribe one Woodard. The evidence discloses that Woodard had been a witness before the grand jury against appellant in regard to some cases growing out of alleged violations of the local option law. He testifies that appellant came to his house one night, and was in a room where he and his wife were sitting, and said to Woodard that he wanted to talk with him. They went out to the rear of the house on the back steps where the conversation occurred. In this conversation Woodard testified appellant offered him finally the sum of $80 to leave the country and not appear against him as a witness. Mrs. Woodard testifies that she wanted to know what was going on and went to the back door, partially opened it, and heard appellant offer her husband $80 to leave the country. Without going into details this is the substance of the State's case. Appellant's evidence from several witnesses is to the effect that he was at home on that particular night and retired early on account of his not being well. He is sustained in this by several witnesses who show that his sister-in-law was at his house at the time on a visit. Her husband had been notified and he had come to Bonham in answer to a telegram announcing the illness of his wife. His wife and mother-in-law were also present. Their testimony is all to the effect that he was at home that night and did not go to Woodard's nor leave the residence during the night. This is the substance of appellant's side of the case.

1. It is insisted that under this showing the court was in error in submitting the issue of alibi for the reason the alibi assumed that an offense was committed, and counsel for appellant, in a very able and ingenious brief, draw the distinction between this and the ordinary case where the question of alibi should be submitted. His proposition is that "alibi is not in any case where the corpus delicti can not be established without establishing the defendant's guilt. In a case like this, where there could have been no offense committed unless the appellant committed it, there can be no such thing as alibi in the case." His argument is that it is unlike a case where an offense is shown such as murder or theft and the question who committed it is an issue. That in such case as murder or theft where the homicide or theft is shown it does not necessarily involve guilt of the defendant; that his testimony or the testimony in the case might show or raise the issue that he was not present, or that some other party committed the offense in either case without the

intervention or participation of the accused, and that in all such cases the charge should present the question to the jury. In this case, however, there could have been no violation of the law without the presence of the accused and the offer to bribe. My brethren are of opinion that the point is not well taken and that the charge is favorable to the appellant.

2. Among other grounds of the motion for new trial appellant alleges that the private prosecuting counsel in the case, a notary public, had no authority to take the affidavits appended to the State's contest. The motion for new trial alleges misconduct on the part of the jury in that they discussed the fact that appellant did not testify in his own behalf, and also received evidence to the effect that he and another party had been previously convicted for arson, and that his case had been appealed and reversed, whereas the other party had been sent to the penitentiary. There were no affidavits, except that of the defendant attached to his motion for new trial, supporting this ground of the motion, but request was made to have the jurors brought in and testify in regard to their conduct. Mr. Lipscomb, private prosecutor in the case, took the affidavits of the jurors and appended same to the State's contest of the motion for new trial. Motion was made by appellant to strike out these affidavits as they were unwarranted and could not be taken by counsel in the case. We are of opinion this proposition is well taken. The county attorney could not swear the jurors to such an affidavit, nor can interested counsel do so. See Testard v. Butler, 20 Texas Civ. App., 106, 48 S. W. Rep., 753; Rice v. Ward, 56 S. W. Rep., 747; Blum v. Jones, 86 Texas, 492; Floyd v. Rice, 28 Texas, 341; Rice v. Ward, 93 Texas, 532. See also 13 Cyc., 852, for collation of authorities.

We would not reverse this case alone upon this proposition for the reason that the jurors were brought into court and testified, but to prevent the happening of this matter in future trials we have taken it up and decided it. Under our statute the court may decide a motion for new trial on contested issues by means of affidavits or by hearing testimony. Of course, the affidavits mentioned in the statute means such as can be legally taken. An affidavit taken by a party not authorized to administer oaths in the particular transaction would not constitute a legal affidavit, and, therefore, not the basis of testimony on objection. See authorities cited, supra.

3. It is urged the judgment should be reversed on account of the fact that the jurors alluded to the fact that defendant did not take the stand in his own behalf; also that they discussed the fact that he had been previously convicted of the crime of arson, that his case had been appealed and reversed, but that his codefendant in the arson case had been sent to the penitentiary. The statute interdicts the reception of testimony by the jury after their retirement, and if that testimony is of sufficient importance to have probably affected the minds of the jury or is of a material character, it will necessitate

a reversal of the judgment. Appellant did not take the stand in his own behalf, and there was no evidence before the jury that he had been convicted for arson. In fact, under the record the testimony would have been inadmissible inasmuch as the defendant did not testify, and its admission on this record would have required us to reverse the judgment had it been introduced during the trial. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*