## G. C. Pope v. The State.

### No. 3698.    Decided October 27, 1915.

**1.—Passing Forged Instrument—Forgery—Indictment.**

Where defendant was charged in one count of the indictment with forging a check, and in another for passing it, and both counts were submitted, but the jury expressly found him guilty of passing the forged instrument, it is unnecessary to pass upon the sufficiency of the count charging him with forgery.

**2.—Same—Sufficiency of the Evidence—Circumstantial Evidence.**

Where defendant was convicted on direct testimony of passing a forged instrument, there was no error in the court's failure to charge on circumstantial evidence.

**3.—Same—Charge of Court—Requested Charges.**

Where, upon trial of passing a forged instrument, the court correctly charged the law of the case, there was no error in refusing special requested charges which did not properly apply the law to the facts, even if they had been properly presented.

**4.—Same—Affidavit—Motion for New Trial—Attorney and Client—Newly Discovered Evidence.**

Affidavits setting out newly discovered evidence made before the attorney of the defendant, attached to the motion for new trial can not be considered on appeal. Following Maples v. State, 60 Texas Crim. Rep., 169.

Appeal from the District Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Will M. Martin* and *Geo. W. Dupree,* for appellant.—Appellant cited Dysart v. State, 79 S. W. Rep., 524; Davis v. State, 74 S. W. Rep., 544; Pace v. State, 53 S. W. Rep., 689; Roebuck v. State, 51 S. W. Rep., 914.

On question of insufficiency of the evidence: Joiner v. State, 48 Texas Crim. Rep., 360; Cagle v. State, 39 id., 109; Mitchell v. State, 33 id., 575.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for passing a forged instrument and assessed the lowest punishment.

The indictment is in two counts, one for forging a check, the other for passing the alleged forged check. The court submitted both issues for a finding. The jury expressly found him guilty of passing the forged instrument, thereby acquitting him of the forgery thereof. There were some questions raised by the appellant pertaining to the charge on the first count, but as he was acquitted on that count those questions, even if they had been material on that issue, pass out of the case and it is wholly unnecessary to consider them. The State clearly proved that the alleged forged instrument was a forgery and the State's witness positively identified appellant and swore that he had passed that identical instrument on him and that he paid him therefor in goods and money. The testimony as to the second count was positive and his guilt thereunder did not depend wholly on circumstantial evidence, and no charge on circumstantial evidence on that count should have been given.

Appellant requested several special charges which the court correctly refused to give. None of them should have been given even if they had been presented in such a way that this court would have to consider any of them.

The evidence shows that about a month after the alleged forged instrument was passed that A. W. White, whose name had been forged thereto, and appellant went to see Mr. Downing, the party on whom it was passed, and talked with him about the facts. Downing swore positively that the instrument was passed on him one Saturday evening between 4 and 6 o'clock, and that it was not at night, and he as positively and unequivocally swore that he did not tell White and appellant on said occasion that it was passed on him at night. They swore he

did so tell them. Downing was the State's main witness. Appellant did not express, at the time, any surprise at Downing's testimony, but he swore positively that he was not the man who passed on Downing said forged instrument at all and that he had never been in Downing's store until about a month after the alleged offense. He did not testify where he was during the hours between 4 and 6 o'clock on the evening Downing swore he passed said forged instrument on him. Of course, he knew where he was. After the trial he made a motion setting up that he was at a different place between said hours, and attached the purported affidavits of several of his kin folks to the same effect. Each of these affidavits were sworn to before one of his attorneys, who represented him at the time and did in this court. The State objects to the consideration of each of these affidavits on that account. This court, in Maples v. State, 60 Texas Crim. Rep., 169, expressly held that affidavits made before the attorneys of either side were invalid and could not be considered. This decision has been followed and adhered to uniformly in a large number of cases since then. As presented the court did not err in refusing a new trial on the claimed ground of newly discovered evidence. Appellant himself made no affidavit at all on the subject. No error is pointed out that would authorize this court to reverse this case.

It is, therefore, affirmed.                                    *Affirmed.*