LEON WAITES v. THE STATE.

No. 4775. Decided January 16, 1918.

</div>

**1.—Occupation—Selling Intoxicating Liquors—Recognizance.**

A recognizance which was taken in open court and required that the appelland appear before that court instanter from day to day, and from term to term, etc., is sufficient. Following Fentress v. State, 16 Texas Crim. App., 79, and other cases.

**2.—Same—Continuance—Motion for New Trial.**

Where, upon trial of pursuing the business of selling intoxicating liquors, etc., defendant filed his first application for continuance, which complied with the statutory requirements, and it was shown on motion for new trial that the evidence was material, the same should have been granted; however, if timely exception had been made by the State that the supporting affidavits were sworn to before one of the attorneys of the defendant, the court would have been warranted in overruling the motion for new trial. Following Maples v. State, 60 Texas Crim. Rep., 169, and other cases.

**3.—Same—Postponement—Practice on Appeal.**

The overruling of an application for a postponement need not be considered where the judgment is reversed and the cause is remanded for other reasons.

**4.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions failed to show that the testimony objected to was inadmissible as sustaining testimony, there is no reversible error.

Appeal from the District Court of Grayson. Tried below before the Hon. C. T. Freeman.

Appeal from a conviction of following the occupation of selling intoxicating liquors; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. A. Carlisle* and *B. F. Gafford,* for appellant.—Cited cases in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of pursuing the business of selling intoxicating liquors, his punishment being assessed at two years confinement in the penitentiary.

The Assistant Attorney General seeks to dismiss the appeal because of the insufficiency or rather the illegality of the appeal recognizance. The point of attack is, the recognizance requires appellant to appear "instanter" before the trial court to await the judgment of the Court of Criminal Appeals, it being based upon the idea that the word "instanter" is more onerous than the statute authorizes. We can not agree with this contention. This matter has been the subject of decisions heretofore. The recognizance shows, of course, that it was taken in open court, and that it requires the appellant to appear before the court "instanter" and from day to day and term to term, etc. The statute requires the appeal obligation to fix the time and place, and this does fix the time and the place. See Fentress v. State, 16 Texas Crim. App., 79; Camp v. State, 39 Texas Crim. Rep., 142. The motion to dismiss is, therefore, overruled.

Appellant filed an application for a continuance, setting out the names of certain parties and the diligence as well as the materiality of the facts. The State used a witness named Simmons, who testified to certain sales made by defendant to him. Appellant moved to continue for four witnesses by whom he could prove they were present and that he did not make any such sales. The matters are set out in detail in the application, a repetition of which is unnecessary. The affidavits of two of these witnesses were obtained and used upon the motion for new trial, in which they swore substantially as set out in the application for a continuance. This was the first application, and made but a short time after the indictment was returned. The application is sufficient, and complies with statutory requirements. The evidence was material. The court signing the bill of exceptions states that he overruled it because the appellant was sworn to the application by one of his attorneys. This was not mentioned at the time of the presentation of the application, nor did the State make any motion to eliminate the application for this reason. It was not called to the attention of appellant or his counsel. We are of opinion that the court was in error in overruling the application. It seems to be well settled that counsel or interested

parties may not take such affidavit nor depositions. This has been the rule in the Supreme Court and in the Courts of Civil Appeals as well as this court. In Maples v. State, 60 Texas Crim. Rep., 169, this court followed the decisions of the Supreme Court. These cases are cited in the Maples' case. Quoting from Hall v. State, 185 S. W. Rep., 574, we find this language: "The State also calls our attention to the fact that the motion was sworn to before one of the attorneys of appellant. This is not proper practice, and had the State in the trial court made a motion to strike it from the record on this ground, it should have been sustained, unless appellant had amended it by swearing to it before some officer not representing him in the trial. Maples v. State, 60 Texas Crim. Rep., 169, 131 S. W. Rep., 567." The Maples case is to the same effect. In the last mentioned case affidavits were filed by the State in the contest on the motion for new trial. The motion for new trial had alleged misconduct of the jury. There were affidavits filed by appellant setting up these matters and supporting this ground of the motion, and a request was made to have the jurors brought before the court to testify in regard to those matters. One of counsel for the State took the affidavits of the jurors and attached them to the State's contest of the motion for a new trial. Appellant then made a motion to strike these affidavits from the record as unwarranted in that they could not be taken by counsel in the case. This court held the position well taken, citing Testard v. Butler, 20 Texas Civ. App., 106, 48 S. W. Rep., 753; Rice v. Ward, 93 Texas, 532, 56 S. W. Rep., 747; Blum v. Jones, 86 Texas, 492; Floyd v. Rice, 28 Texas, 341; Rice v. Ward, 93 Texas, 532, 56 S. W. Rep., 747; 13 Cyc., 852, where many cases are collated. The Hall case, supra, is in line with the authorities, and inasmuch as there was no motion made by the State to eliminate or suppress or strike from the record the application for a continuance, it will be considered. Had the proper motion been made, or the attention of counsel or appellant been called to it at the time, he could have amended and could have sworn to it before some officer authorized to take oaths who was not disqualified.

There was also an application for a postponement, which will not be considered, inasmuch as the witnesses may be obtained upon another trial.

A bill of exceptions recites that a witness was permitted to state before the jury that his testimony was practically as that delivered before the grand jury. This witness had been cross-examined with reference to the matter, and was asked substantially if his testimony being delivered before the jury was out of harmony with that delivered before the grand pury. This is a general statement of the proposition without going into details. Usually wherever a witness is attacked the party offering the ·witness so attacked may sustain him by showing similar statements on the same matter about which he was cross-examined. The statement was very general, as were the questions and

answers on cross-examination, as shown by the bill. As presented there is no substantial error. Upon another trial the matter might be more specific if it arises.

Because of the refusal to continue the case the judgment will be reversed and the cause remanded.

*Reversed and remanded.*