## Johnie Page v. The State.

No. 13511.   Delivered June 18, 1930.
Reinstated November 12, 1930.
Reported in 32 S. W. (2d) 467.

The opinion states the case.

*Adams & Hamilton* of Jasper, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Hog theft is the offense; penalty, confinement in the penitentiary for a period of two years.

This court is without jurisdiction to entertain the appeal for the reason that the appeal bond is not approved by the judge. See Art. 818, C. C. P. The approval of the bond by the sheriff and the district judge is essential. Moreover, the bond was made during the term of court at which the judgment was rendered. In a felony case, to warrant the release of the accused on bail during the term, a recognizance is essential. See Art. 817, C. C. P., also Albidrez v. State, 299 S. W. 898, and cases cited therein, namely, Lang v. State, 80 Tex. Cr. R. 272; Hale v. State, 87 Tex. Cr. R. 119.

The appeal is dismissed.

*Dismissed.*

LATTIMORE, JUDGE.—At a former time the appeal in this case was dismissed because of an insufficient bond. The trial court having adjourned, appellant has prepared and filed with the clerk of the trial court an appeal bond duly approved by the trial judge and the sheriff, as required by law,—and the appeal will be reinstated and the case considered on its merits.

There are two bills of exception in the record, one of which complains of the overruling of the appellant's motion for new trial based on the insufficiency of the testimony; the other complains of the overruling of the motion for new trial because of the alleged misconduct of the jury. It is true that the affidavit of one of the jurors was attached to the motion for new trial setting out certain testimony which he avers was given in the jury room by another of such jurors, which might be considered hurtful to the cause of appellant. In the order overruling the motion for new trial the court recites that after hearing the evidence, etc., he is of opinion that the motion should be overruled. The bill of exception presenting the complaint of appellant in this regard fails to bring forward the evidence heard by the court, or to satisfactorily show that there was no evidence heard. In such case this court has uniformly held that it will be governed and controlled by the recitals of the order overruling such motion, and in the absence of the evidence must presume that the evidence heard by the court was sufficient to justify his action in declining to grant a new trial.

The evidence in this case is not very satisfactory upon which to confine a negro boy for two years in the penitentiary. Twelve ordinary range hogs, described by one witness as two sows and ten shoats, about half of them marked and the remainder unmarked; by another witness as three sows and some pigs, were out in the woods. Appellant and his brother, with another negro boy who was helping them, had caught and killed two of the unmarked shoats, and had another in a sack when Jefferson, the alleged owner, came up, being attracted by the barking of dogs. The boys did not run or hide. They showed Jefferson what they had. If he then claimed the hogs, the record does not reveal it. If he had ever before seen the shoats, or the sows either for that matter, he does not so state. His sole reason for claiming any of the hogs was that the two sows were in his mark. What his mark was is not shown in the record. The ordinary things used in marking hogs, such as crops, under or overbits, under or over slopes, swallow forks, etc., in each or one ear, whatever may have been Jefferson's

mark, could have been similar to that of appellant's father, who is shown by the testimony of white witnesses to have owned his own home and had range hogs on said range bearing his mark. Neither does the testimony show what the mark was given by the appellant's father. Appellant was raised in the community, and the constable of the precinct and another white man who had known appellant all of his life, said he had never been charged with any offense, and that his reputation for honesty was good. Witness Adams said his hogs ranged in the same range as those of the Page negroes and none of his hogs had ever been stolen. He knew at the time of this alleged theft that there were Page hogs on the range. Appellant swore that the older hogs in the bunch in which were those caught and killed by himself and companions, were in his father's mark and were believed by him and his brother to be theirs. No witness testified that all the shoats or pigs in said bunch were the same size or comprehended by two sizes, nor that they divided themselves so that from size, flesh marks, color or for any other reason they gave evidence of belonging to one or two litters or to either one of the sows with which they were found. Nothing indicating the size of any of the shoats or pigs appears except one witness says the dead ones in possession of appellant and his brother would weigh about thirty pounds each, and another witness said they would weigh fifty or sixty pounds. It might be true that finding a sow or two with ten or twelve shoats of different sizes might tend to raise the inference that some of them belonged to these sows, but it certainly would not be sufficient testimony to prove there were not other shoats in the bunch not belonging to such sows.

No witness attempted to identify the dead hogs found in possession of appellant and his brother by any flesh marks or other means save they were in company with hogs that bore appellant's mark.

It occurs to us that if the State wishes to make out a case against this young negro man, it ought to develop the case with more particularity, and let the record bear evidence with more certainty that he is guilty than appears from the record before us.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

HAWKINS, J., absent.