## Sherman Lamar v. The State.

No. 14196. Delivered May 20, 1931.
Appeal Reinstated and Affirmed June 17, 1931.

The opinion states the case.

*J. G. Minkert,* of Bryan, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being five years' confinement in the penitentiary.

In order to secure his enlargement pending appeal appellant, after adjournment of the trial term of court, entered into an appeal bond which was approved by the sheriff only. Article 818, C. C. P., specifically requires such bonds to be approved by the sheriff and the court trying said cause. On account of the defect in the bond the appeal must be dismissed.

If appellant desires to further prosecute his appeal he may have fifteen days from this date to furnish an appeal bond in compliance with the statute and forward same to this court by supplemental transcript in connection with a motion to reinstate the appeal.

The appeal is dismissed.

*Appeal dismissed.*

### ON MOTION TO REINSTATE APPEAL.

MORROW, PRESIDING JUDGE.—A perfected appeal bond having been filed, the appeal is reinstated.

There is presented for review no complaint of the ruling of the trial court save that with reference to the overruling of the motion for new trial.

The state's case is summarized as follows: The appellant shot and killed Lee Gaitor. He claimed that Gaitor had taken possession of certain articles of personal property belonging to him. This Gaitor denied. The appellant declared that he would kill Gaitor if the property was not returned. The state's evidence describing the homicide was such as to show an unprovoked killing.

The appellant, through his testimony and that of his witnesses, presented the issue of self-defense. The evidence, including the appellant's confession, presented an issue of fact; that is, whether the appellant acted upon malice or in defense of his life. Upon that issue the jury was fully, and apparently accurately, instructed in a charge against which there is no exception addressed. The jury was also instructed upon the law of suspended sentence but declined to recommend it.

In entering the judgment and sentence, the court failed to take note of

the indeterminate sentence law as set forth in article 775, C. C. P. The judgment is reformed so as to provide that the appellant shall be confined in the state penitentiary for a period of not less than two nor more than five years. As so reformed, the judgment is affirmed.

*Affirmed.*