### SABAS LE JUAN v. THE STATE.

No. 16663. Delivered April 18, 1934.

The opinion states the case.

*Wilburn Barcus,* of Big Spring, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin. for the State.

KRUEGER, JUDGE.—The appellant and one Jose Arroyas were indicted by the grand jurors in and for Howard County, Texas, at the March term, A. D. 1933, of the offense of robbery by assault and violence to the person of W. G. Thomas. On the 2nd day of October, this case was called for trial, at which time a severance was granted and the appellant was first put on trial. The jury found the appellant guilty of the offense of robbery as charged in the indictment and assessed his punishment at confinement in the State penitentiary for a term of 5 years.

The appellant complains of the action of the trial court in overruling his first amended original motion for a new trial based on newly discovered evidence. The motion for a new trial is not sworn to and the affidavits of the parties whose testimony is alleged to be newly discovered were made and sworn to before the appellant's attorney. Under such circumstances, the affidavits do not constitute legal affidavits and therefore can not be considered. In the case of Maples v. State, 131 S. W., 567, Judge Davidson held that counsel in the case cannot take the affidavit of a witness on a motion for a new trial, and such affidavit, when taken by cousel in the case, would not constitute a legal affidavit. See, also, Garza v. State, 145 S. W., 591; Hogan v. State, 147 S. W., 871; Cuellar v. State, 154 S. W., 228; Burnett v. State, 165 S. W., 581.

This court also held in the case of Hughes v. State, 293 S. W,. 575, and Virgil v. State, 29 S. W. (2d) 394, that a motion for a new trial based upon newly discovered evidence must be verified. The affidavit of the co-defendant who was subsequently ac-

quitted of the offense is merely to the effect that he and the appellant did not commit the robbery as charged in the indictment. This record is before us without a statement of facts. Hence we are unable to determine what the testimony upon the trial of this case disclosed as to appellant's participation in the alleged robbery, and without such statement of facts we are unable to determine whether a different result would be obtained even if a new trial had been granted and his co-defendant had been permitted to testify. In the case of Childers v. State, 35 S. W., 980, this court, speaking through Judge Davidson, said: "The defendant attached to his motion for new trial the affidavit of one Ed. Childers, as to certain facts to which he could testify upon another trial of this case, tending to prove an alibi. The reason assigned for not using due diligence upon the trial of the case for this witness is that he was then under indictment for the theft of the same cattle which the appellant was convicted of stealing. The case against him was dismissed after appellant's conviction. Coming as it does, and in the absence of a statement of facts showing its materiality, we are unable to say that this testimony would have tended in the slightest manner to have brought about, upon another trial, a more favorable verdict for the appellant, or that the testimony of said witness would have been material or probably true."

Hence, under the authority of said case and the cases therein referred to, we are forced to overrule the appellant's contention.

The judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.