## AUBREY HEALD V. THE STATE.

No. 16670. Delivered May 2, 1934.
Reinstated and Affirmed May 30, 1934.
Rehearing Denied June 27, 1934.

The opinion states the case.

*A. C. Chrisman,* of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the

unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for one year.

It appears from the record that the appellant is at large upon an appeal bond. However, the bond is inadequate in that it fails to show that it was approved by the trial judge. Art. 818, C. C. P., 1925, provides that the bond must be approved by the sheriff and also by the court trying the case. See Stine v. State, 38 S. W. (2d) 331; Lamar v. State, 40 S. W. (2d) 162; Franks v. State, 42 S. W. (2d) 1016. The bond in the present instance contains only the approval of the sheriff.

For the reason stated, the appeal is dismissed.

*Dismissed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The defect in the appeal bond which caused the dismissal of this case having been remedied, the ap-appeal is re-instated and the case now considered on its merits.

Correcting our statement of the case, appellant was convicted of selling intoxicating liquor to D. P. Coffee on October 7, 1933. The indictment was returned October 13, 1933, and the case tried October 20, 1933, apparently being a case in which justice was not slow of foot. Mr. Coffee testified that appellant sold him a pint of whisky on the date mentioned. Appellant introduced no witnesses. The sheriff and another corroborated Coffee. There are no bills of exception. The evidence was sufficient.

The judgment will be affirmed.

*Affirmed.*

## ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Appellant insists that the evidence is insufficient. The alleged purchaser, D. P. Coffee, testified positively that he went to appellant's home on the date alleged in the indictment and bought from appellant a pint of whisky, for which he paid him twenty-five cents. He testified to the further effect that he had known appellant for two years. Shortly after the purchase was made Coffee was arrested by the sheriff, and broke a bottle of whisky in the presence of said officer. Appellant did not testify in his own behalf and introduced no witnesses. We deem the evidence amply sufficient to support the conviction.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.