## W. M. ANDERSON V. THE STATE.

No. 17585.   Delivered May 15, 1935.
Appeal Reinstated June 12, 1935.

The opinion states the case.

*W. H. Barnes,* of Terrell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of whisky for the purpose of sale; the punishment, confinement in the penitentiary for eighteen months.

This court is without jurisdiction to entertain the appeal for the reason that the appeal bond is not approved by the trial judge.   The approval of the bond by the sheriff and the district judge is essential.   Article 818, C. C. P.; Page v. State, 32 S. W. (2d) 467; Lamar v. State, 40 S. W. (2d) 162; Payne v. State, 44 S. W. (2d) 380.

Appellant is granted fifteen days from this date in which to perfect his appeal.

The appeal is dismissed.

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE APPEAL.

MORROW, PRESIDING JUDGE.—The appeal is reinstated upon a corrected record.

The offense denounced is the possession for the purpose of sale of spirituous and intoxicating liquors.

Several officers, possessing a search warrant, searched the dwelling and premises of the appellant. They gave no direct testimony supporting the contention of the State that appellant possessed whisky for the purpose of sale. Such liquor or spirituous liquor as was found by the officers was not on the premises of the appellant but constituted several bottles which were in a culvert across or along a public road. The evidence also shows that there were other persons living in the same vicinity.

The case was tried without an attorney for the appellant. However, appellant testified in his own behalf and denied the possession of any intoxicating liquor. He denied the ownership of or any connection with the whisky found out in the road. On the facts, the case is not unlike that of Davis v. State, 123 Texas Crim. Rep., 115.

After stating that he found no whisky in the dwelling of the appellant, one of the officers testified that the wife of the appellant came to the door and threw out a square half-gallon fruit jar. The officer testified: "I wouldn't say that the jar was full, but it was a half-gallon jar with some whisky in it— enough to wet the ground. * * * I examined the jar after she set it down and there was a small amount of red whisky in it."

The testimony of another officer was to the effect that he saw a half-gallon fruit jar setting on the door step. He noticed where something had been poured out; that he smelled the ground and it had the odor of whisky.

Another circumstance was advanced by the State in the way of evidence that appellant had accumulated some empty bottles. This appellant admitted, claiming that he did so for the purpose of selling them for profit.

The evidence is regarded as purely circumstantial. In the opinion of the writer, it is inadequate to support the conviction when tested by the rule governing the law of circumstantial evidence. There is a complete absence of proof of any whisky on the premises of the appellant except the controverted question of the half-gallon fruit jar.

In the indictment, as above stated, the appellant was charged with the possession of spirituous liquor for the purpose of sale. There was no evidence that there was found in his possession

any quantity of whisky or any evidence that he had sold any whisky. The extent to which the controverted evidence goes is, as stated above, that the half-gallon jar thrown out of the residence by the wife of the appellant had a small quantity of whisky in it or exhibited the odor of whisky. The possession of more than one quart of spirituous or intoxicating liquor would support the contention of the State that the liquor was possessed for the purpose of sale. At least it would do so prima facie. In the present instance, no evidence is perceived that appellant possessed more than a quart of liquor. There is no proof that he possessed liquor on his premises other than that in the jar mentioned. It appears conclusively from the testimony that the jar did not contain a quart of liquor nor as much as a half pint. In fact, the evidence that there was liquor in the jar was very meagre indeed. On the subject of presumption from the possession of liquor for sale, see Texas Jur., vol. 25, p. 85, sec. 12.

The judgment is reversed and the cause remanded.

*Reversed and cause remanded.*