# JANUARY 29, 1936

### A. V. BELL V. THE STATE.

No. 17736.   Delivered November 6, 1935.
Appeal Reinstated December 4, 1935.
Rehearing Denied, Without Written Opinion, January 29, 1936.

The opinion states the case.

*David L. Broadus,* of Beaumont, and *John Wood,* of Amherst, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to murder is the offense; penalty assessed at confinement in the penitentiary for three years.

The appeal bond appearing in the record is insufficient to authorize consideration of the appeal by this court for the reason that it is not approved by the judge who tried the case.

The approval of the bond by the sheriff and the district judge is essential. See Art. 818, C. C. P., 1925; also Baker v. State, 113 Texas. Crim. Rep., 120, 18 S. W. (2d) 623; Shadwick v. State, 122 Texas Crim. Rep., 70, 53 S. W. (2d) 614; Boggs v. State, 75 S. W. (2d) 680; Wood v. State, 83 S. W. (2d) 670; Anderson v. State, 84 S. W. (2d) 458, and cases therein cited.

Appellant is granted fifteen days from this date in which to perfect his appeal.

The appeal is dismissed.

### ON MOTION TO REINSTATE THE APPEAL.

LATTIMORE, JUDGE.—The appeal was dismissed at a former day of this term because of a defective appeal bond. This defect has been cured, and the cause is re-instated and now fully considered.

There are neither bills of exception nor statement of facts in the record. Appellant asserts that he has been deprived of his statement of facts, and sets up that in due time he made affidavit of his inability to pay for such statement of facts, which affidavit he alleges was mailed to the trial judge, who failed to order the court stenographer to prepare for him a statement of the facts in this case. Appellant's attorney makes affidavit to the above facts, and accompanies his own affidavit by a copy of the one made by appellant, the original of which is alleged to have been forwarded to the trial judge.

The affidavit of inability to pay for the statement of facts, a copy of which is before us, was made before appellant's attorney, and in such case could not be considered by the trial court or this court. Cases cited by Mr. Branch in support of the above proposition appear in Sec. 194 of his Annotated P. C. See Garza v. State, 145 S. W., 591; Hogan v. State, 147 S. W., 871, and others. A like holding appears in Maples v. State, 60 Texas Crim. Rep., 171; Garner v. State, 100 Texas Crim. Rep., 626; Gibbs v. State, 99 Texas Crim. Rep., 186.

In addition to the above, we note that the affidavit of inability to pay referred to, is insufficient in that it omits a most material fact necessary to be averred. Same fails to set out that appellant is not able to "Give security" for the payment for the making of a statement of facts. See Art. 760, C. C. P.; Kelly v. State, 69 Texas Crim. Rep., 550, and other authorities. Such showing is wholly insufficient.

The judgment is affirmed.

*Affirmed.*