ROY RASBERRY v. THE STATE.

No. 17855. Delivered January 22, 1936.

The opinion states the case.

*Robt. A. Sone,* of Sweetwater, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

On the 29th of November, 1934, approximately nine head of cattle were stolen from Mrs. M. F. Rasberry. The following day E. K. Sorrelle, Jr., delivered said cattle to the Cassidy South Western Commission Company in Fort Worth, Texas. According to the testimony of the State, appellant was with Sorrelle, who introduced him to the employees of the commission company as J. W. Warren. Upon delivery the company issued a check to J. W. Warren in payment for said cattle. This check was cashed at a Fort Worth bank.

Appellant did not testify in his own behalf, but introduced witnesses whose testimony tended to show that the cattle were not stolen in Nolan County, as alleged in the indictment. Further, he introduced witnesses who gave testimony tending to impeach the witnesses for the State who identified appellant as the man who posed as J. W. Warren when the cattle were sold and delivered at Fort Worth.

We are unable to reach the conclusion that the evidence is insufficient. J. C. Walsh, an employee of the commission com-

pany, identified appellant as having participated in the sale and delivery of the cattle. An employee of a hotel in Fort Worth testified that Sorrelle and appellant were together at the hotel on the 30th of November, 1934. He was positive in his identification of appellant.

Bill of exception No. 1 brings forward appellant's second application for a continuance, which was based on the absence of several witnesses. It was alleged generally in the application that the witnesses, if present, would testify that they were with appellant practically all of the time from November 28th to November 30th, 1934, and knew he "did not steal any cattle from Mrs. M. F. Rasberry, or anyone else." The motion for a new trial was in part predicated upon the failure of the court to grant a continuance. However, appellant failed to attach to said motion the affidavits of the absent witnesses showing the testimony they would give. In the absence of the affidavits, we think that, in view of the evidence adduced upon the trial, the trial judge was warranted in overruling the motion for new trial. See Tubb v. State, 5 S. W. (2d) 150.

Bill of exception No. 2 shows that at the conclusion of the testimony appellant made a motion for an instructed verdict based on the ground that the State failed to prove venue as alleged in the indictment. It appears that part of the land of Mrs. Rasberry was in Fisher County and part in Nolan County. Prior to their loss the cattle had been in a field which was in Nolan County. Appellant sought to show that said cattle had been taken from Sorrelle's place in Fisher County. The State introduced a witness who testified to finding tracks of cattle and of two horses leading from Mrs. Rasberry's place, in Nolan County across the county line to Mr. Sorrelle's place, which was more than four hundred yards from said county line. It appears that the fence had been torn down at the northeast corner of Mrs. Rasberry's place and that the opening afforded a passage into Sorrelle's pasture. Moreover, the proof on the part of the State was to the effect that the cattle were in Nolan County in Mrs. Rasberry's field the day before they were stolen.

It is well settled that venue may be proved by circumstantial evidence. It is not required that it be established by direct testimony nor that it be proven beyond a reasonable doubt. Branch's Annotated Penal Code, sec. 451; Himmelfarb v. State, 174 S. W., 586. We quote from Branch's Annotated Penal Code, supra, as follows: "Venue may be proved by circumstantial evidence, as any other fact, and if the evidence be reasonably sufficient to satisfy the jury that the offense was

committed in the county alleged, their finding on that issue will not be disturbed on appeal."

The court specifically charged the jury to acquit appellant unless they believed from the evidence beyond a reasonable doubt that the cattle were taken in Nolan County or within four hundred yards of the county line. We deem the circumstances sufficient to have warranted the conclusion of the jury that the cattle were stolen in Nolan County, as alleged in the indictment.

Appellant based his motion for new trial in part upon newly discovered evidence and attached thereto the affidavit of the witness George Albertson. The affidavit was taken by appellant's counsel. Under the circumstances, we are not authorized to consider it. Botts v. State, 13 S. W. (2d) 846; Garner v. State, 272 S. W., 167; Escarino v. State, 55 S. W. (2d) 565; LeJuan v. State, 70 S. W. (2d) 589. It appears that the court heard no evidence on the motion for new trial, and that the affidavit alone supported the averment of newly discovered evidence.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.