**GROTE et al. v. BECKER et al.**

No. 927.

District Court, S. D. Florida, Miami Division.

April 23, 1945.

Riley & Dressler, of Miami, Fla., for plaintiffs.

L. J. Cushman, of Miami, Fla., for defendant.

DE VANE, District Judge.

This case is submitted to the court on stipulation of the facts and presents a

single question—the right of the plaintiff to collaterally attack and impeach the validity of a final decree of divorce entered by a court of competent jurisdiction in the State of Texas.

It is stipulated by the parties that on March 27, 1942, Donn Charles Grote enlisted in the armed services of the United States and while in the military service applied for and there was issued to him, effective May 20, 1942, a contract of insurance by the National Service Insurance, Certificate No. N–6057302, in the amount of $10,000. His Mother, Erma Amelia Grote, was named beneficiary in the policy of insurance.

On June 14, 1943, the said Donn Charles Grote married the defendant, who is sued in this case under her maiden name, Lorraine Violet Becker, at Del Rio, Texas, and they, thereafter, lived together as husband and wife until the death of the said Donn Charles Grote on August 25, 1943. On August 7, 1943, on an appropriate form therefor, and filed with the Veterans' Administration August 11, 1943, the said Donn Charles Grote designated Lorraine Violet Grote, defendant herein, and his wife, as beneficiary of said policy. While the policy was in full force and effect the said Donn Charles Grote died in the line of duty on August 25, 1943, and the principal sum of said policy became payable in the manner therein stipulated, to the lawful beneficiary entitled to receive the same. Both parties to this suit have made claims upon the United States Veterans' Administration for the amount due under the policy of insurance. The plaintiff in this case alleges that the defendant was, prior to her marriage to the said Donn Charles Grote, the legal wife of one Edward James Lewis, a resident of Texas, and that on April 20, 1943, she filed suit against the said Edward James Lewis, in Bexar County, Texas; that on June 9, 1943, a final decree of divorce was granted to her, dissolving her marital relations and restoring her maiden name.

Plaintiff further alleges that the divorce proceedings brought by the defendant are void and the final decree entered in said suit is ineffectual in that the defendant herein—plaintiff in the divorce suit filed in Bexar County, Texas,—was not a bona fide resident of Texas for one (1) year, and of Bexar County for six (6) months prior to April 20, 1943, when said divorce suit was filed, and that said period of resi-

dence for one (1) year in the State of Texas, prior to the filing of a Divorce action, was a jurisdictional requirement under the statutes of the State of Texas. The further allegations are made by the plaintiff, herein, that the marriage of the defendant to the decedent, Donn Charles Grote, on or about June 14, 1943, was null and void and that, therefore, the attempted change of beneficiaries of the insurance was void and ineffectual as against the plaintiff in this case. Certified copies of the petition for divorce, the waiver of the defendant in the divorce suit, and the final decree of divorce are attached to the stipulation.

The final decree of divorce recites that the court, from an inspection of the records and from the evidence, finds that the plaintiff in the divorce proceedings "is and has been an actual bona fide inhabitant of the State of Texas for a period of more than twelve (12) months next preceding the filing of plaintiff's petition herein, and also has resided in Bexar County, for more than six (6) months next preceding the filing of this suit."

The petition in this case contains no allegation of fact upon which plaintiff bases her claim that the defendant was not a bona fide resident of Texas for more than twelve months, and of Bexar County for more than six (6) months prior to the filing of her divorce suit in that State. And during the argument, counsel for plaintiff frankly admitted that plaintiff in this suit was not possessed of facts that would justify the allegation that the defendant here—plaintiff in the divorce proceedings—had perpetrated a fraud upon the Texas court. He frankly stated that by the general allegation contained in the complaint filed in this case—that the defendant was not a bona fide resident of the State of Texas for twelve (12) months and of Bexar County for six (6) months prior to the institution of the divorce proceedings—the court would, by way of discovery, ascertain the truth of the allegation.

Counsel for the defendant relies upon a line of Texas decisions to the effect that twelve months' residence in the State and six months' residence in any particular county of the State is not jurisdictional in divorce actions in Texas. See: Aucutt v. Aucutt, 1933, 122 Tex. 518, 62 S.W. 2d 77, 89 A.L.R. 1198; Prendergast v. Prendergast, 1938, Tex.Civ.App., 122 S.W.

2d 710; Ex parte Scott, 1939, 133 Tex. 1, 123 S.W.2d 306; Kent v. Kent, 1940, Tex.Civ.App., 143 S.W.2d 159; Tucker v. State, 1941, 141 Tex.Cr.R. 428, 148 S.W. 2d 1111; Therwhanger v. Therwhanger, 1943, Tex.Civ.App., 175 S.W.2d 704.

The court holds that in a suit of this character the validity of a divorce decree may be attacked collaterally, if the complaint attacking the same sets out facts which, if proven true, would constitute a fraud upon the State court granting the divorce, but in the absence of such allegations of fact, this court will not inquire into the validity of the final decree of divorce granted by the State of Texas court.

Plaintiff is therefore not entitled to the relief sought in this petition. Findings of fact and conclusions of law in line with this memorandum opinion will be filed, and final judgment will be entered for the defendant on her cross-complaint filed in this case.