**Fred J. PATTERSON, Appellant,**

v.

**Eloulse E. PATTERSON, Appellee.**

No. 6926.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 7, 1967.

Rehearing Denied Oct. 25, 1967.

F. Warren Hicks, Houston, for appellant.

M. Michael Gordon, Houston, for appellee.

---

STEPHENSON, Justice.

This is an action for divorce including the custody of two children and division of the property. Trial was before the court and the divorce was granted to the plaintiff, Mrs. Patterson. The parties will be referred to here as they were in the trial court.

There is no complaint as to the granting of the divorce to plaintiff, nor to the awarding custody of two minor children to her. All of the points of error are in reference to the division of the property. The judgment entered contained the following: An 80 acre tract in Fort Bend County was found to be the separate property of defendant. A 9.61 acre tract in Harris County was found to be community property, and the proceeds of the sale held in escrow, in the amount of $29,280.81 was awarded to plaintiff. (All of the points of error concern this 9.61 acre tract.) That the household furniture, furnishings and a 1965 model Cadillac automobile were a part of the community estate and were awarded to plaintiff subject to the existing debts against such personal property. A lot in San Jacinto County was community property and awarded to defendant subject to any indebtedness against such lot. That the bank account in the Bank of Almeda, a 1966 Dodge automobile, a 1962 Ford pickup truck, a 1966 Ford tractor, miscellaneous carpenter tools, and all other personal property were all a part of the community estate and awarded to defendant subject to any indebtedness existing against such personal property. Plaintiff recovered $1,250.-00 as her attorney's fee from defendant.

The evidence showed: That plaintiff and defendant were married December 18, 1956. That the 80 acre Fort Bend County tract had a value of $120,000.00 less $10,000.00 indebtedness due against it. That the 9.61 acre tract had been occupied by plaintiff and defendant as their homes until they separated and the tract was sold. That the lot in San Jacinto County was bought in May 1966 for $295.00 down and a note for $2,675.00 upon which $186.00 had been paid. That defendant owed the Bank of Almeda $1,200.00. That a debt of $1,959.00 was owed on the 1966 Dodge. That the 1966 Ford tractor cost $4,700.00 upon which was owed $4,200.00. That the value of such tractor was $4,000.00. That defendant had a contract to furnish the carpenter labor on a building at 50 cents per foot for some 350,000 feet, upon which defendant was afraid he was not making a profit, but had hoped to make $10,000.00 or $15,000.00.

The first series of points raised by defendant are that the trial court erred in holding the 9.61 acre tract of land was community property and awarding to plaintiff the proceeds derived from the sale of such land. Also, that defendant was entitled to be reimbursed for the $24,000.00 paid by him out of his separate estate upon such tract of land.

The evidence shows that defendant bought 120 acres of land in Fort Bend County, upon which he owed $3,300.00 at the time of this marriage. In 1958 defendant borrowed $8,500.00 on such land and

paid off the $3,300.00. In 1960 defendant made a loan of $12,000.00 on such property and paid off the $8,500.00. In April, 1964 plaintiff and defendant bought the 9.61 acre tract of land and borrowed $40,000.00, the full purchase price from Mr. Schulman and gave a note secured by a lien on the 9.61 acres. Also during the marriage plaintiff and defendant purchased a 6 acre tract of land at Stafford, Texas. $3,000.00 was paid down on the Stafford tract out of community funds. $12,000.00 was borrowed from Mr. Schulman for which he was given a lien on the Stafford tract, and the money was used to pay off the balance of the purchase price. The Stafford property was sold and the net amount of $18,000.00 obtained which was applied on the Schulman note on the 9.61 acre tract. In 1964 the highway went through the Fort Bend property taking 19 acres for which defendant received $19,000.00 of which $10,000.00 was paid on the 9.61 acre tract, about $3,000.00 or $4,000.00 was used for expenses and the balance was paid to Schulman on the Fort Bend property. Later 20 acres of the Fort Bend property was sold for $26,000.00. By bill of exception, a witness testified that $15,000.00 of this $26,000.00 was paid on the Schulman note.

The law in Texas as to the division of property in a divorce case is set forth by the Supreme Court of Texas in Ex Parte Scott, 133 Tex. 1, 123 S.W.2d 306, 126 S.W. 2d 626, as follows:

"By the provisions of Article 4638, R.C.S.1925, the court pronouncing the decree of divorce has jurisdiction, in the divorce action, to decree a division of the estate of the parties in such a way as the court may deem just and right, having due regard for the rights of each party and their children, if any. * * * Also, under this statute the division of the property does not have to be equal. The court can be controlled by what the facts may lead him to believe is just and right. In fact, this divorce court in this divorce action, as between these spouses, can go to the extent of decreeing a trust upon the separate estate of the husband for the benefit of the wife."

■ No findings of fact or conclusions of law were requested or filed in this case. We have no way of knowing what value was placed by the trial court upon any of the items awarded by the court. For example, we do not know what value the trial court placed on the contract defendant had to furnish carpenter labor upon which he was afraid he was not making a profit, but had hoped to make $10,000.00 or $15,000.00. In fact, the only evidence as to value of any of the items mentioned was as to the Fort Bend property and the Ford tractor. Viewing the record as a whole, in the light most favorably to sustain the judgment, we cannot say the trial court abused its discretion in dividing the property between the parties as it was done, even though payment had been made out of defendant's separate property upon the community estate.

■ The remaining series of points complain of the exclusion by the trial court of certain evidence by defendant that funds derived from the sale of part of his separate property were paid on the community estate note due on the 9.61 acre tract. Also, in excluding testimony of defendant's bookkeeper, showing the disposition of proceeds derived from various loans and sales of separate property. The testimony of defendant's bookkeeper is set out in the bill of exception. This testimony shows that $15,-000.00 derived from the sale of the 21 acres of land in Fort Bend County which was a part of defendant's separate estate, was applied on the Schulman loan on the 9.61 acre tract. Assuming defendant would have testified to the same effect, we have not concluded that these errors complained of amounted to such a denial of the rights of defendant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure.

Judgment affirmed.