Kenneth Allan YORKO, Appellant,

v.

STATE of Texas, Appellee.

No. A14–83–058CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 27, 1983.

Rehearing Denied Nov. 23, 1983.

Discretionary Review Refused April 18, 1984.

Michael Anthony Maness, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This appeal is from a judgment of conviction for the offense of sale of obscene material. The jury found appellant, Kenneth Alan Yorko, guilty and assessed punishment at a fine of $1,500.00 and five (5) days in jail. Appellant raises six points of error. We overrule these points of error and affirm the judgment of the trial court.

This case is before this court without a statement of facts of the trial. The record, however, contains the statement of facts of the hearing on appellant's alleged affidavit of indigency. The stipulated evidence from that hearing shows that the costs of a statement of facts of the trial is approximately $4,500 to $5,000. Furthermore, it shows that someone other than appellant paid his attorney's fees for the trial. Appellant offered his purported affidavit of indigency into evidence without objection from the State. Appellant, however, offered no testimony in support of the alleged affidavit. The alleged affidavit of indigency shows that appellant's salary is $350 per week. He owns an automobile worth approximately $500 and has $334.34 in a bank account. The only expense it shows is $365 apartment rental. The trial judge then found that appellant was not indigent.

In his first point of error, appellant claims that the trial judge committed reversible error by denying appellant's request for a transcript of the trial free of charge because of appellant's financial inability to pay for the transcript. First, the alleged affidavit itself is void because appellant's counsel served as notary to the affidavit. Appellant's counsel, in oral argument to this court, said that he was the notary. In criminal cases, the attorney for the accused is incompetent to act as notary public with respect to papers, motions, etc. *Ex parte Scott*, 133 Tex. 1, 123 S.W.2d 306 (1939). *See also, Garza v. State*, 630 S.W.2d 272 (Tex.Cr.App.1982). The Court in *Scott* reasoned that because of the attorney-client privilege, the fear of perjury prosecution would not motivate the affiant to tell the truth. "Certainly the affidavit in this case should be taken under circumstances that would subject the affiant to the pains and penalties of perjury. It is difficult to see how this could be so where the affidavit is taken by the affiant's own attorney." *Ex parte Scott*, 123 S.W.2d at 311.

Second, the purported affidavit is not dated. The Court's rationale in *Scott* can also apply to an undated affidavit. An affidavit that does not show when the affi-

ant swore to it could not show that he committed perjury. The appellant's alleged affidavit of indigency is void.

 The appellant, as movant, had the burden of proving his indigency. He failed to meet this burden. The only evidence he produced was his purported affidavit of indigency. That affidavit, because it is void, is no evidence of appellant's financial status. Accordingly, we find that the trial judge did not abuse his discretion in denying appellant's request for a free statement of facts of the trial. We overrule point of error one.

In points of error two and four, appellant challenges the charge to the jury. We cannot review challenges to the jury charge without a statement of facts of the trial. *Weisinger v. State,* 372 S.W.2d 548 (Tex.Cr.App.1963). We overrule points of error two and four.

Point of error three challenges the judge's instruction that in determining community standards of tolerance the jury might consider their experiences, which are outside the record in this case. Appellant contends that this instruction deprived him of his Fourteenth Amendment right to confront and cross-examine witnesses. The instruction merely allowed the jury, the only ones who can make such a determination, to determine what community standards are. This instruction is akin to the reasonable person standard. *See, Boyd v. State,* 643 S.W.2d 700 (Tex.Cr.App.1982). We overrule point of error three.

Point of error five raises a sufficiency of the evidence. Again, this point is an issue we cannot review without a statement of facts. *Midgett v. State,* 126 Tex. Cr.R. 364, 71 S.W.2d 879 (1934). We overrule point of error five.

Point of error six raises a constitutional issue that the Court of Criminal Appeals recently answered in *Andrews v. State,* 652 S.W.2d 370 (Tex.Cr.App.1983). The court in *Andrews* held that it is constitutional to judge obscenity in terms of community standards of decency rather than tolerance. We overrule point of error six.

Accordingly, we affirm the judgment of the trial court.